IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KEVIN SAMUELSON,                        §
                                        §
                    *Plaintiff,*        §          SA-25-CV-01355-OLG
                                        §
vs.                                     §
                                        §
COMAL INDEPENDENT SCHOOL                §
DISTRICT, BOARD OF TRUSTEES OF          §
COMAL INDEPENDENT SCHOOL                §
DISTRICT, SUPERINTENDENT OF             §
COMAL ISD, IN HIS OFFICIAL              §
CAPACITY; AND BOARD PRESIDENT           §
OF COMAL ISD, IN HIS OFFICIAL           §
CAPACITY;                               §
                                        §
                    *Defendants.*       §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Plaintiff's

Second Amended Complaint [#20]. All pretrial matters in this case have been referred to the

undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and

Appendix C [#14]. The undersigned therefore has authority to enter this recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court should grant

Defendants' motion.

## I. Background

Plaintiff Kevin Samuelson, proceeding *pro se*, filed this action against the Comal

Independent School District ("CISD"), its Board of Trustees, and its Superintendent and Board

President in their official capacities. Defendants initially filed a motion to dismiss Mr.

1

Samuelson's First Amended Complaint [#8]. This motion was dismissed by the Court in light of Mr. Samuelson's unopposed motion for leave to file his Second Amended Complaint (Post-Conference Order [#17]).

Mr. Samuelson's Second Amended Complaint [#18] brings claims under 42 U.S.C. § 1983 for alleged violations of his rights under the First Amendment of the United States Constitution; Article I, Sections 8 and 27 of the Texas Constitution; and the Texas Open Meetings Act. Plaintiff alleges that Defendants violated his rights under the First Amendment and Texas Constitution by failing to broadcast the comments he made during a public CISD board meeting on a livestream transmission of the event on YouTube, thus engaging in viewpoint discrimination, imposing a prior restraint, and infringing on his right to petition the government. Plaintiff also alleges that Defendants violated the Texas Open Meetings Act ("TOMA") by altering the livestream audio. Plaintiff seeks various forms of relief, including: declaratory judgment that the muting of his audio violated his constitutional rights; a permanent injunction preventing Defendants from muting or altering public comments; a ruling requiring preservation and production of evidence, and in-camera review of evidence where necessary; and nominal damages.

Defendants have moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed a response [#23], and Defendants have filed a reply [#24]. The motion is now ripe for the Court's review.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). Where a plaintiff is proceeding *pro se*, as here, the Court liberally construes the pleadings and applies "less stringent standards" than it does "to formal pleadings drafted by lawyers." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). That said, a court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the Court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III.  Analysis

According to his pleadings, Plaintiff delivered public comments at CISD board meetings for twelve consecutive months regarding alleged retaliation against him and his wife for his wife's whistleblowing activity. (Second Am. Compl. [#18], ¶ 9.) At one of these meetings, the Board President muted Plaintiff's audio from transmission to the YouTube livestream of the

meeting before he began to speak.  (*Id.* ¶ 12.)  Those in attendance at the meeting could hear Plaintiff's comments even though they were not broadcast via the livestream.  (*Id.* ¶ 14.)

At the outset of his Second Amended Complaint, Plaintiff states that this action was filed under 42 U.S.C. § 1983.  Municipal liability under 42 U.S.C. § 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff must plead an official policy or custom "so persistent and widespread as to practically have the force of law," and thus must allege specific facts to support the existence of such a custom.  *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)).  A *Monell* claim cannot exist, however, without an underlying constitutional violation.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001).  Plaintiff's Second Amended Complaint should be dismissed because he has failed to plausibly state a claim for relief based on a constitutional violation.

First, Plaintiff has failed to plausibly plead a claim of viewpoint discrimination.  The First Amendment prohibits the government from regulating speech when the "specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Rosenberg v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995) (citing *Perry Ed. Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 46 (1983)).  The First Amendment does not, however, regulate government speech, nor does it "demand airtime for all views" when the government speaks for itself.  *Little v. Llano Cty.*, 138 F.4th 834, 851-52 (5th Cir. 2025) (quoting *Shurtleff v. City of Bos.*, 596 U.S. 243, 252 (2022)).  As Defendants underscore in their motion, CISD did not have an affirmative obligation to broadcast Plaintiff's views through the livestream of the board meeting.  Plaintiff does not contest that he was given the opportunity to address the

board members during the meeting, nor that those in attendance could hear his comments. He has thus failed to plead facts alleging that CISD discriminated against his speech based on his perspective or opinion.

Plaintiff also fails to plausibly plead a cause of action based on prior restraint. "Prior restraints are 'administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur.'" *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 579 (5th Cir. 2005) (quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993)). Plaintiff only pleads that the microphone transmitting his audio to the livestream was muted by the Board President during the meeting. As Defendants explain, Plaintiff has therefore not alleged any facts related to a prior administrative or judicial order forbidding his participation in the board meeting.

For similar reasons, Plaintiff has also failed to plead a violation of his right to petition the government. Article I, Section 27 of the Texas Constitution requires that the government consider petitions and complaints by citizens, but neither this provision nor the First Amendment to the United States Constitution requires that the government respond to such grievances. *Corpus Christi Ind. Sch. Dist. v. Padilla*, 709 S.W.2d 700, 704 (Tex. App.—Corpus Christi-Edinburg 1986, no writ.). Plaintiff pleads that his "petitioning speech" was selectively suppressed by the muting of his microphone, in contrast with other meeting participants' comments that were transmitted via the livestream. As Defendants emphasize, Plaintiff does not plead any facts indicating he was deprived of the opportunity to present his comments; he instead pleads that his speech was not broadcast. He has therefore failed to state a plausible claim for relief based on his right to petition.

5

Plaintiff has also failed to state a claim for declaratory or injunctive relief.  When a plaintiff seeks injunctive or declaratory relief, a plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."  *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).  The Declaratory Judgment Act does not provide an independent basis for subject-matter jurisdiction; the relevant claim must arise under some other federal law.  *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) (citing *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996)).  In his response, Plaintiff argues that he faces the real and immediate threat of continued muting of his audio on the livestream because he plans to continue participating in upcoming CISD Board meetings.  For the reasons discussed above, these facts fail to establish a plausible claim for relief.  And, as Defendants point out, Plaintiff has failed to identify a source of law under which he seeks declaratory relief beyond his constitutional claims.  He has therefore failed to allege facts showing a substantial likelihood of future injury or to establish a separate basis for declaratory relief.  Because Plaintiff has failed to state a claim for relief based on a violation of constitutional rights, Plaintiff's claim for nominal damages fails as well.  *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1014 (5th Cir. 2003).  Accordingly, these claims should be dismissed.

Furthermore, Plaintiff fails to address Defendants' arguments against his claim for relief under TOMA in his response, instead contending that the TOMA's "context" supports the plausibility of his First Amendment claims.  Because Plaintiff has failed to defend his TOMA claim in response to Defendants' motion to dismiss, the Court should deem the claim abandoned.  *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006).

Finally, Plaintiff includes a claim for "preservation and in-camera review" in his Second Amended Complaint and argues in his response that preservation of audio and livestream logs is

necessary.  This is not a cause of action cognizable under federal or state law and should be dismissed.

### IV.  Conclusion and Recommendation

Having considered Defendants' motion, Plaintiff's response, Defendants' reply, and the governing law, the undersigned **recommends** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [#20] be **granted** and that Plaintiff's claims be dismissed.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain

error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

      SIGNED this 20th day of March, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE